# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE: THOMAS J. CLEAR III                    No. 1:25-mc-00017-KG

## NOTICE TO THE CLERK OF THE COURT
## PURSUANT TO D.N.M. LR-CIV-Civ 83.2 (f)

To:    The Clerk of the Court

Thomas J. Clear III, by and through his attorney, Thomas M. Clark, self-reports to the Clerk of the Court the following circumstances:

1.    **D.N.M. LR-CIV-Civ 83.2 (f)(1) Eligibility.** On January 24, 2025, Thomas J. Clear III (Clear) changed his status with the New Mexico State Bar from *active* to *inactive* and Clear is no longer "on active status" as required by D.N.M. LR-CIV 83.2 (a). Mr. Clear has not actively practiced in the New Mexico courts since approximately June of 2024 and has not actively practiced in this Court since April 4, 2024 and he is not counsel of record in any case pending in this Court.

2.    **D.N.M. LR-CIV 83.2 (f)(3) Resignation Pending Investigation of Misconduct.** Mr. Clear is seeking to resign as a member of this bar and advises the Clerk of the Court as to the pending investigations:

   a.  Order to Show Cause filed in this Court on January 29, 2025. **[Doc 1]**.

   b.  On February 4, 2025, Mr. Clear received a Chief Disciplinary Counsel Complaint dated January 31, 2025, a copy of which is attached as

**Exhibit 1**. The complaint speaks for itself but is premised almost entirely on the issues raised in the Order to Show Cause file in this Court. **[Doc 1]**.

c. On February 4, 2025, Mr. Clear received an Order to Show Cause from the New Mexico Supreme Court which is attached as **Exhibit 2**. Again, this pleading speaks for itself but is premised almost entirely on the issues raised in the Order to Show Cause filed in this Court. **[Doc 1]**.

Respectfully Submitted,

**CLARK & RUYLE, LLC.**

Thomas M. Clark
432 Galisteo St.
Santa Fe, NM 87501
(505) 820-1825
(505) 986-0475 (fax)
Email: tmclark@cjplawsf.com

## CERTIFICATE OF SERVICE

I certify that on February 5rn, 2025, I filed the foregoing electronically through the Court's filing system causing service to be effected on the Clerk of the Court.

Thomas M. Clark

2440 Louisiana Blvd. NE
Suite 280
Albuquerque, NM 87110

**The Disciplinary Board**
AN AGENCY OF THE SUPREME COURT OF THE
STATE OF NEW MEXICO

Phone: (505) 842-5781
info@nmdisboard.org

<u>**CONFIDENTIAL**</u>
January 31, 2025

Thomas Clear, III, Esq.
7112 Aztec Rd NE
Albuquerque, NM 87110

      Re:    Chief Disciplinary Counsel Complaint

Dear Mr. Clear:

      Pursuant to Rule 17-105(B)(2), NMRA, chief disciplinary counsel is authorized to initiate investigations into possible misconduct by an attorney by filing a "Chief Disciplinary Counsel Complaint." I have on this date filed such a complaint against you. A copy of the Chief Disciplinary Counsel Complaint is enclosed. Before proceeding further, we would like to hear from you concerning the Chief Disciplinary Counsel Complaint. You are, therefore, requested to respond to the allegations in the Chief Disciplinary Counsel Complaint **on or before February 14, 2025**. Feel free to include any information or documents that you deem relevant. Please respond directly to this office; the Board has asked that Board members not be contacted directly or by mail, as they may ultimately be called upon to determine the merits of a particular complaint if charges are filed. Additionally, if you are represented by counsel or intend to retain counsel, please provide this letter and the enclosed complaint to your counsel and have him or her respond on your behalf.

      Because a complaint may result in formal charges being filed against an attorney, I hereby advise you that if that were to occur in this case, your reply to this letter might be offered into evidence as a written statement by a party.

      Thank you for your assistance and anticipated cooperation.

                      Sincerely,

                      Anne L. Taylor
                      Chief Disciplinary Counsel

Enclosure



**RULES WHICH MAY BE INVOLVED:** 16-804 NMRA

**DATE: January 31, 2025**

This complaint arises out of a Plea Agreement filed on January 24, 2025, in the matter styled *USA v. Mendez* No. 1:25-cr-000139-DHU (D.N.M.)., United States District Court, District of New Mexico. A copy of the Plea Agreement is attached.

According to the admission of facts in the plea agreement, Mr. Mendez admitted the following:

In 2007, I began working for co-conspirator 1's law firm, which specialized in defending with persons charged with driving while intoxicated (DWI). (Plea Agreement,¶9).

Since at least 2008, I admit that I conspired with conspirator 1, as well as sworn law enforcement officers and deputies with the Albuquerque Police Department (APD), New Mexico State Police (NMSP), and the Bernalillo County Sheriff's Office (BCSO) (collectively, the "Officer Members") to engage in a scheme that targeted persons arrested for DWI (DWI Offenders). Under this scheme co-conspirator 1, the officers, and I would arrange for the Officer Members to intentionally fail to appear at a required criminal and administrative settings associated with DWI-related arrests, allowing co-conspirator 1to move to dismiss the proceedings. (Plea Agreement, ¶ 10).

As part of this scheme, DWI Offenders, both aware and unaware of the scheme,

1

and/or I consulted with the DWI Offender and strongly encouraged that the attorney retainer fee be paid in cash. When the DWI Offender paid the cash retainer, co-conspirator 1 and I were paid in cash in addition to their law firm salary. In addition, the Officer Members were often paid in cash but, at times, also received other benefits and things of value, including but not limited to free legal services, gift cards, hotel rooms and other gifts. I typically handled communications with the officers to convey the payment amounts and to arrange meetings to exchange payments. However, on occasion, I admit that co-conspirator 1 paid the Officer Member directly. (Plea Agreement, ¶12).

I further admit that co-conspirator 1 would also provided free or significantly discounted legal services for the Officer Members and their family members in exchange for the officer not showing up for the required administrative and criminal settings and to develop goodwill between the Officer Members and the DWI Enterprise. (Plea Agreement, ¶13).

Upon information and belief, Mr. Mendez was employed by your law firm as a private investigator, and you engaged in the above-mentioned conduct with Mr. Mendez. See, e.g., Recording: Albuquerque DWI suspect says he was offered a 'guarantee' for $8,500; A Guilty Plea Implicates 'Almost the Entire' Albuquerque DWI Unit in Longstanding Police Corruption (Articles attached).

The above cited conduct, if true, constitutes a violation of the following provisions of the Rules of Professional Conduct:  16-804(A), by violating or attempting to violate

2

adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects; Rule 16-804(C), by engaging in conduct involving fraud, deceit, or misrepresentation, 16-804(D), by engaging in conduct prejudicial to the administration of justice); and 16-804(E), by stating or implying an ability to influence improperly a government official or to achieve results by means that violate the Rules of Professional Conduct.

Please respond.

Anne L. Taylor
Chief Disciplinary Counsel

Dated: January 31, 2025

1     **IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

2     **February 03, 2025**

3     **NO. S-1-SC-40766**

4     **IN THE MATTER OF**
5     **THOMAS CLEAR III**
6
7     **An Attorney Licensed to Practice**
8     **Law in the Courts of the State of**
9     **New Mexico**
10     **ORDER TO SHOW CAUSE**

11     TO:    Thomas Clear III
12           7112 Aztec Rd., N.E.
13           Albuquerque, NM 87110

14     GREETINGS:

15     WHEREAS, this matter came on for consideration by the Court upon its

16     own motion for an order to show cause;

17     WHEREAS, this Court takes judicial notice of the order to show cause

18     entered on January 29, 2025, in 1:25-mc-00017-KG, by the United States District

19     Court for the District of New Mexico, directing Respondent THOMAS CLEAR III

20     to show cause, in writing, why that court should not impose discipline for the

21     alleged conduct described therein;

22     WHEREAS, the Supreme Court has inherent authority "to prescribe

23     standards of conduct for lawyers[,] to determine what constitutes grounds for the

24     discipline of lawyers[, and] to discipline, for cause, persons admitted to practice

EXHIBIT

2

1 law" in New Mexico. Rule Set 17 NMRA, Preface;

2     WHEREAS, the Court having considered the foregoing, being sufficiently

3 advised, and finding good cause to issue an order to show cause; Chief Justice

4 David K. Thomson, Justice Michael E. Vigil, Justice C. Shannon Bacon, Justice

5 Julie J. Vargas, and Justice Briana H. Zamora concurring;

6     **NOW, THEREFORE, YOU, THOMAS CLEAR III, ARE ORDERED**

7 to show cause, in writing, if any you have, **on or before February 10, 2025**, why

8 you should not be subject to discipline, up to and including suspension, for the

9 alleged conduct as set forth in the order to show cause entered by the United States

10 District Court for the District of New Mexico on January 29, 2025, in 1:25-mc-

11 00017-KG.

12     IT IS SO ORDERED.



WITNESS, the Honorable David K. Thomson, Chief Justice of the Supreme Court of the State of New Mexico, and the seal of said Court this 3rd day of February, 2025.

Elizabeth A. Garcia, Clerk of Court
Supreme Court of New Mexico

I CERTIFY AND ATTEST:
A true copy was served on all parties
or their counsel of record on date filed.
Lysette Romero Córdova
Chief Deputy Clerk of the Supreme Court
of the State of New Mexico

By _____
    Chief Deputy Clerk of Court