IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: THOMAS J. CLEAR III    No. 1:25-mc-00017-KG

**THOMAS J. CLEAR III'S RESPONSE TO COURT'S
ORDER TO SHOW CAUSE**

Thomas J. Clear III, by and through his attorney, Thomas M. Clark, hereby responds to the Court's Order to Show Cause **[Doc 1]** as follows:

1.  Thomas J. Clear III (Clear) has filed simultaneously with this pleading his *Notice to the Clerk of the Court Pursuant to D.N.M. LR-CIV 83.2* giving the Clerk of the Court and this Court notice of circumstances relating to his admission to this bar and his continued eligibility to be a member of this bar. **[Doc 2].** On January 24, 2025, Mr. Clear affirmatively changed his status as a member of the New Mexico State Bar from *active* to *inactive*. Upon information and belief, Mr. Clear had not been actively engaged in the practice of law in New Mexico since approximately June of 2024 and, similarly, had not been engaged in the practice of law in this Court since April 4, 2024, and is not counsel of record in any pending case in this Court. As required by D.N.M. LR-CIV 83.2 (a) and (c), an applicant and member to this bar must "be on active status in a state . . . and be a member of that bar in good standing in all courts and jurisdictions where the applicant has been admitted." Because Mr. Clear went on *inactive* status with the New Mexico State

Bar, he is required to provide the Clerk of the Court notice of that change in eligibility status.

2. Mr. Clear's notice to this Court of his change of status from *active* to *inactive* with the State Bar of New Mexico was timely and in compliance with D.N.M. LR-CIV 83.2 (f)(1) which requires notice within fourteen days.

3. The Court's rules regarding *self-reporting* also require that if a member intends to resign as a member of the bar of this Court, the member must self-report any pending investigation. D.N.M. LR-CIV 83.2 (f)(3). In his *Notice to the Clerk of the Court Pursuant to D.N.M. LR-CIV 83.2*, Mr. Clear acknowledged this Court's Order to Show Cause as well as his receipt on February 3, 2025, of a Chief Disciplinary Counsel Complaint from the New Mexico Supreme Court's Chief Disciplinary Counsel and service on that same date of an Order to Show Cause from the New Mexico Supreme Court. **[Doc 2]**

4. Mr. Clear is an *inactive* member of the New Mexico State Bar in good standing and a member of this bar in good standing, Mr. Clear is not counsel of record in any pending case in this Court, but he is the subject of a disciplinary proceeding[1], to wit: this Order to Show Cause.

---

[1] It is not clear to the undersigned if the Court's Order to Show Cause **[Doc 1]** is "disciplinary proceeding" or rather an investigation, but the undersigned does not dispute that any distinction does not change the intent of D.N.M. LR-CIV 83.2 (e).

5.  Mr. Clear has not been formally charged with a crime and there are no pending charges that Mr. Clear must disclose, but because the Court's Order to Show Cause directs him to disclose if he is charged with a crime, he acknowledges his obligation under D.N.M. LR-CIV 83.2 (f)(4) and the Court's Order to Show Cause.

6.  Mr. Clear understands and respects the Court's duties and obligations to "maintain and enforce high standards of conduct" of this Court and maintain the public confidence in the judiciary as set out in the Court's Order to Show Cause. **[Doc 1, p.2]**.

7.  Mr. Clear appreciates the Court making clear that its Order to Show Cause is based on allegations made in a recently entered plea agreement and two news articles suggesting that he may have been involved in crimes and violated Rules of Professional Conduct governing lawyers. The Court has directed him to "show cause in writing why the Court should not discipline him due to the conduct described above [the plea agreement and two news articles]."

8.  To respond to the Court's Order, Mr. Clear would have to abandon his rights and protections provided under the Fifth Amendment of the United States Constitution which he cannot do and he advises the Court that he is asserting the Fifth Amendment right against self-incrimination.

## CONCLUSION AND REQUEST TO THE COURT

Mr. Clear is a member of this bar by virtue of his being an *active* member of the New Mexico State Bar and in good standing with that bar. On January 24, 2025, Mr. Clear relinquished his *active* status as a member of the New Mexico bar. D.N.M. LR-Civ 83.2 (a) thru (c). Mr. Clear has given timely notice to the Clerk of the Court of his change of status. **[Doc 2]**. For these reasons, Mr. Clear no longer satisfies the requirements to be a member of this bar and requests below that the Court accept his resignation as a member of this bar based on the change of his status and eligibility.

"An attorney may resign from the bar only if the attorney is in good standing, is not counsel of record in a pending case, and is not the subject of any disciplinary proceeding before this court." D.N.M. LR-Civ 83.2 (e). Mr. Clear acknowledges the Court's Order to Show Cause is a disciplinary proceeding. But where a member of the bar (Clear) no longer satisfies the requirements for being a member of the bar and has timely notified the Court of his change of circumstances and where the basis for the Court's Order to Show Cause (the disciplinary proceeding) are allegations in a Plea Agreement entered into by another person and two news reports which would require Mr. Clear to forgo or waive his Fifth Amendment right against self-incrimination to refute, should a request to resign as a member of the bar be denied?

In its Order to Show Cause, the Court cites *In re Bello,* 237 Fed.Appx. 363, 366 (10th Cir. 2007). In that case, Mr. Bello asked the Court to enjoin the disciplinary proceeding because two civil cases which had been dismissed and formed some basis for disciplinary proceedings against Bello were still on appeal. The three-judge panel refused to enjoin the disciplinary proceeding and suspended Bello but acknowledged "that the appellate process ha[d] not run its course," and it therefore decided "not [to] enter a permanent discipline until the appellate process ha[d] finished." *Id.* at 364-65. The Court went on in *Bello* to discuss *Mattox v. Disciplinary Panel of U.S. Dist. Court for Dist. of Colo.,* 758 F.2d 1362, 1364 (10th Cir.1985), where the Court in a disciplinary setting suspended an attorney "for an indefinite period of time and until further Order of the Court." *Id.* at 365.

Based on the foregoing, Mr. Clear, by and through counsel requests alternatively as follows:

1. The Court allow Mr. Clear to resign as a member of this bar.

2. Because Mr. Clear does not satisfy the requirements for being a member of this bar, the Court hold this proceeding in abeyance until further Order of this Court or until such time as Mr. Clear petitions the Court to reconsider his request for resignation from this bar.

3. Suspend Mr. Clear for an indefinite period of time and until further Order of the Court.

Respectfully Submitted,

**CLARK & RUYLE, LLC.**

_____
Thomas M. Clark
432 Galisteo St.
Santa Fe, NM 87501
(505) 820-1825
(505) 986-0475 (fax)
Email: tmclark@cjplawsf.com

## CERTIFICATE OF SERVICE

I certify that on February 5, 2025, I filed the foregoing electronically through the Court's filing system causing service to be effected on the Clerk of the Court.

_____
Thomas M. Clark