IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE: THOMAS J. CLEAR III                    No. 1:25-mc-00017-KG

**ORDER OF INTERIM SUSPENSION**

Ricardo Mendez recently entered into a Plea Agreement in this Court in which he pled guilty to charges of RICO Conspiracy, Bribery of an Agent of an Organization Receiving Federal Funds, Interference with Commerce by Extortion Under Color of Official Right, Aiding and Abetting and Conspiracy to Commit Interference with Commerce by Extortion Under Color of Official Right. *See* Doc. 2 filed January 24, 2025, in *USA v. Mendez*, No. 1:25-cr-00139-DHU (D.N.M.) ("Plea Agreement").

Mr. Mendez' Plea Agreement and two news articles contain statements which, if true, indicate Mr. Clear may have violated New Mexico Rule of Professional Conduct 16-804, Misconduct. Given the nature of Mr. Clear's apparent conduct and the potential for undermining the public's confidence in the Court, the Court ordered Mr. Clear to show cause why suspension, disbarment or other discipline is not appropriate. *See* Order to Show Cause, Doc. 1, filed January 29, 2025.

Mr. Clear stated that "[t]o respond to the Court's Order, Mr. Clear would have to abandon his rights and protections provided under the Fifth Amendment of the United States Constitution which he cannot do and he advises the Court that he is asserting the Fifth Amendment right against self-incrimination." Response at 3, Doc. 4, filed February 5, 2025. Mr. Clear "requests alternatively as follows:"

1. The Court allow Mr. Clear to resign as a member of this bar.

2. Because Mr. Clear does not satisfy the requirements for being a member of this bar, the Court hold this proceeding in abeyance until further Order of this Court or until such time as Mr. Clear petitions the Court to reconsider his request for resignation from this bar.

3. Suspend Mr. Clear for an indefinite period of time an until further Order of the Court.

Response at 5.

The Court denies Mr. Clear's request to allow him to resign as a member of the bar of this Court because Mr. Clear is the subject of this disciplinary proceeding. *See* D.N.M.LR-Civ. 83.2(e) ("An attorney may resign from the bar of this court only if the attorney is in good standing, is not counsel of record in a pending case, *and is not the subject of any disciplinary proceeding before this court*") (emphasis added).

**Order of Interim Suspension**

On February 12, 2025, Thomas J. Clear III entered a Plea Agreement in which he agrees to plead guilty to charges of RICO Conspiracy, Bribery of an Agent of an Organization Receiving Federal Funds, Attempted Interference with Commerce by Extortion Under Color of Official Right and Aiding and Abetting which are punishable by terms of imprisonment of periods not more than 20 and 10 years. *See* Doc. 4 at 2-3, filed February 12, 2025, in *United States v. Clear III*, No. 1:25-cr-00258-MLG (D.N.M.). After Mr. Clear consented at his initial appearance/plea hearing to proceed before a Magistrate Judge, Mr. Clear pled guilty. *See* Plea Minute Sheet, Doc. 6, filed February 12, 2025, in *United States v. Clear III*. United States Magistrate Judge Karen B. Molzen accepted Mr. Clear's plea of guilty, adjudged Mr. Clear guilty and deferred acceptance of Mr. Clear's Plea Agreement until a final disposition hearing by a United States District Judge. *See* Plea Minute Sheet.

"The Chief Judge may place an attorney on interim suspension immediately on proof of conviction for a crime as defined in subdivision (a)." D.N.M.LR-Civ. 83.13(d)(1). "[A] crime for which discipline may be imposed is any felony, i.e., a crime punishable by a term of imprisonment of more than one year." D.N.M.LR-Civ. 83.13(a). "[A] conviction includes . . . a plea of guilty." D.N.M.LR-Civ. 83.13(b). "The attorney may submit in writing any objection that establishes that the suspension may not properly be ordered." D.N.M.LR-Civ. 83.13(d)(2); *see* Annotated Standards for Imposing Lawyer Sanctions at 73 (Ellyn S. Rosen, ed. 2019) ("Although due process does not require a hearing prior to imposing an interim suspension when a lawyer is found guilty of a serious crime or upon evidence that a lawyer poses a substantial threat of serious harm, an opportunity to show cause as to why it should not be imposed should be available").

The Court places Mr. Clear on **INTERIM SUSPENSION** effective immediately based on his guilty plea in *United States v. Clear III*. Mr. Clear may, within 21 days of entry of this Order, file an objection to this Order.

**Order to Show Cause**

The Supreme Court of the State of New Mexico ordered that Thomas Clear III is "INDEFINITELY SUSPENDED from the practice of law effective immediately, and until further order of the Court." Order at 1, *In the Matter of Thomas Clear III*, No. S-1-SC-40766, filed February 11, 2025 (N.M.).

The Local Rules of Civil Procedure for the District of New Mexico do not allow an attorney who has been suspended from the practice of law to practice before this Court:

> An attorney admitted to the bar of this court must remain in good standing in all courts where admitted. In good standing means not suspended or disbarred by any court for any reason. An attorney whose suspension or disbarment has been stayed by order of the disciplining court prior to the effective date of the suspension or disbarment remains in good standing. An attorney who is not in good standing may

3

not practice before the bar of this court or continue to be an attorney of record in any pending case....

D.N.M.LR-Civ. 83.2(c) ("Rule of Good Standing").

> A lawyer who has been disciplined in one U.S. jurisdiction is subject to reciprocal discipline in any other U.S. jurisdiction in which the lawyer is admitted. The purposes of reciprocal discipline are to prevent a lawyer admitted to practice in more than one jurisdiction from avoiding the effect of discipline by simply practicing in another jurisdiction, to prevent relitigation of misconduct that already has been established in another jurisdiction and to protect the public from lawyers who commit such misconduct.
>
> . . . .
>
> Although a hearing is not necessary for reciprocal discipline to be imposed, a court must provide the lawyer or disciplinary counsel with an opportunity to raise a due process challenge or to show that a sanction different from the sanction imposed in the other jurisdiction is warranted.

Annotated Standards for Imposing Lawyer Sanctions at 112-114 (Ellyn S. Rosen, ed. 2019).

The January 29, 2025, Order to Show Cause did not give Mr. Clear notice that Mr. Clear may be subject to discipline pursuant to the Rule of Good Standing because Mr. Clear was in good standing with the New Mexico State Bar until February 11, 2025, when the New Mexico Supreme Court indefinitely suspended Mr. Clear. The Court now gives Mr. Clear notice that he may be subject to discipline pursuant to the District of New Mexico's Rule of Good Standing.

Mr. Clear shall, within 21 days of entry of this Order, show cause in writing why the Court should not suspend him in accordance with D.N.M.LR-Civ. 83.2(c) due to his suspension by the Supreme Court of the State of New Mexico. Mr. Clear's written response to this Order to Show Cause must address each of the standards for relief from the Rule of Good Standing. *See* D.N.M.LR-Civ. 83.2(d)(2). Failure to timely show cause may result in suspension from the Federal Bar of the District of New Mexico.

**Three-Judge Panel**

Mr. Clear may, within 21 days of entry of this Order, request that the undersigned appoint a panel of Judges to review his response to this Order and to conduct a hearing to determine whether suspension, disbarment or other discipline is appropriate. If Mr. Clear does not request the appointment of a panel of Judges, the undersigned will review his response and determine whether suspension, disbarment or other discipline is appropriate. If Mr. Clear requests a hearing, he must state the reasons why he believes a hearing is necessary. *See* D.N.M.LR-Civ. 83.10(a) ("The Chief District Judge will appoint a panel of federal judges . . . to review any state disciplinary proceedings or felony convictions and, *if necessary*, conduct a hearing to determine whether discipline, suspension or disbarment is appropriate") (emphasis added). Because the undersigned or the Panel may decide it is not necessary to conduct a hearing to determine whether discipline, suspension or disbarment is appropriate, Mr. Clear's response to this Order to Show Cause must include all the materials Mr. Clear wishes the undersigned or the Panel to consider.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE