## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

IN RE: THOMAS J. CLEAR III                                   No. 1:25-mc-00017-KG

### ORDER TO SHOW CAUSE

After Thomas J. Clear III pled guilty on February 12, 2025, to multiple felony crimes, the undersigned placed Mr. Clear on **INTERIM SUSPENSION** effective February 13, 2025. *See* Plea Agreement, Doc. 4, and Plea Minute Sheet, Doc. 6, filed February 12, 2025, in *United States v. Clear III*, No. 1:25-cr-00258-MLG (D.N.M.); Order of Interim Suspension, Doc. 6, filed February 13, 2025 (citing District of New Mexico Local Rules authorizing the Chief Judge to place an attorney on interim suspension immediately on proof of conviction for a crime, defining "crime" as a felony, and defining "conviction" as including a plea of guilty). The undersigned notified Mr. Clear he may, pursuant to D.N.M.LR-Civ. 83.13(d)(2)83, file an objection to the Order of Interim Suspension. *See* Order of Interim Suspension at 3. The undersigned also ordered Mr. Clear to show cause why the Court should not suspend him in accordance with D.N.M.LR-Civ. 83.2(c) due to his suspension by the Supreme Court of the State of New Mexico. *See* Order of Interim Suspension at 3.

Mr. Clear did not object to the Order of Interim Suspension by the March 6, 2025, deadline. Mr. Clear filed a Response to the Order of Interim Suspension stating he has been indefinitely suspended from the practice of law by the New Mexico Supreme Court, he is no longer in good standing pursuant to D.N.M.LR-Civ. 83.2(c), and "stipulates that an Order of Indefinite Suspension is appropriate by this Court." Thomas J. Clear III's Response to Court's Order [of] Interim Suspension, Doc. 7, filed February 14, 2025.

It appears that disbarment is the appropriate discipline in this case due to the nature of Mr. Clear's conduct. *See* Plea Agreement at 6-16 (admitting Mr. Clear led a scheme since at least the late 1990s in which Mr. Clear would arrange for law enforcement officers, and would pay the officers cash and other benefits and things of value, to intentionally fail to appear at required criminal and administrative proceedings associated with Mr. Clear's clients who had been arrested for DWI, which would then allow Mr. Clear to use the officers' failure to appear as a basis to request dismissal of the proceedings).

> The most fundamental duty a lawyer owes to the public is the duty to maintain standards of personal integrity upon which the community relies. The public expects lawyers to be honest and to abide by the law; public confidence in the integrity of officers of the court is undermined when lawyers engage in illegal or other dishonest conduct.

Standard 5.0 Violations of Duties Owed to the Public, Annotated Standards for Imposing Lawyer Sanctions at 227, American Bar Association (2d ed. 2019) ("ABA Standards"). "Disbarment is generally appropriate when: (a) a lawyer engages in serious criminal conduct a necessary element of which includes . . . fraud." Standard 5.11(a), ABA Standards at 238, 238 (citing cases where criminal convictions involving fraud warranted disbarment); *Matter of Behles*, 2019-NMSC-016 (permanently disbarring attorney where attorney violated New Mexico Rules of Professional Conduct by commingling client's $7,500 retainer, $25,000 flat fee and $19, 239 court disbursement with her firm's operating account and ordering attorney to pay restitution to client in the amount of $19, 239); *In the Matter of David Proper, Esq.*, No. S-1-SC-39587, filed July 27, 2023 (N.M.) (permanently disbarring attorney who accepted $5,000 flat fee from his client, did not take any action and only returned $2,500 when client terminated attorney); Order of Permanent Disbarment, Doc. 12, filed February 27, 2024, in *In re: Danielle Phillips*, No. 1:23-mc-00029-WJ-KWR-MV (permanently disbarring Ms. Phillips from practice before the United States District

Court for the District of New Mexico based on her conviction for conspiracy to defraud the United States).

The Court orders Mr. Clear to show cause why the Court should not permanently disbar him based on the stipulated facts in his Plea Agreement and his guilty plea. Mr. Clear may, within 21 days of entry of this Order, request that the undersigned appoint a panel of Judges to review his response to this Order and to conduct a hearing to determine whether suspension, disbarment or other discipline is appropriate. If Mr. Clear does not request the appointment of a panel of Judges, the undersigned will review his response and determine whether suspension, disbarment or other discipline is appropriate. If Mr. Clear requests a hearing, he must state the reasons why he believes a hearing is necessary. *See* D.N.M.LR-Civ. 83.10(a) ("The Chief District Judge will appoint a panel of federal judges . . . to review any state disciplinary proceedings or felony convictions and, *if necessary*, conduct a hearing to determine whether discipline, suspension or disbarment is appropriate") (emphasis added). Because the undersigned or the Panel may decide it is not necessary to conduct a hearing to determine whether discipline, suspension or disbarment is appropriate, Mr. Clear's response to this Order to Show Cause must include all the materials Mr. Clear wishes the undersigned or the Panel to consider.

**IT IS ORDERED** that Mr. Clear shall, within 21 days of entry of this Order, show cause in writing why the Court should not permanently disbar him based on the stipulated facts in his Plea Agreement and his guilty plea. Failure to timely show cause will result in permanent disbarment.

/s/ KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.