# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE: THOMAS J. CLEAR III                        No. 1:25-mc-00017-KG

## **ORDER OF PERMANENT DISBARMENT**

After Thomas J. Clear III pled guilty on February 12, 2025, to multiple felony crimes, the undersigned placed Mr. Clear on **INTERIM SUSPENSION** effective February 13, 2025. *See* Order of Interim Suspension, Doc. 6, filed February 13, 2025.

The Court subsequently notified Mr. Clear that it appears that disbarment is the appropriate discipline in this case due to the nature of Mr. Clear's conduct. *See* Order to Show Cause, Doc. 8, filed March 14, 2025. The Court:

(i) cited Mr. Clear's Plea Agreement in which Mr. Clear admitted he led a scheme since at least the late 1990s in which he would arrange for law enforcement officers, and would pay the officers cash and other benefits and things of value, to intentionally fail to appear at required criminal and administrative proceedings associated with Mr. Clear's clients who had been arrested for DWI, which would then allow Mr. Clear to use the officers' failure to appear as a basis to request dismissal of the proceedings;

(ii) noted that the most fundamental duty a lawyer owes to the public is the duty to maintain standards of personal integrity upon which the community relies and that public confidence in the integrity of officers of the Court is undermined when lawyers engage in illegal or other dishonest conduct;

 (iii) quoted Standard 5.11(a), ABA Standards at 238, which states: "Disbarment is generally appropriate when: (a) a lawyer engages in serious criminal conduct a necessary element of which includes . . . fraud;" and

 (iv) described three previous cases where the Court permanently disbarred attorneys from the practice of law in the District of New Mexico.

The Court ordered Mr. Clear to show cause why the Court should not permanently disbar him based on the stipulated facts in his Plea Agreement and his guilty plea, and notified Mr. Clear he may request that the undersigned appoint a panel of Judges to review his response to the Order to Show Cause and to conduct a hearing to determine whether suspension, disbarment or other discipline is appropriate.  *See* Order to Show Cause.

Mr. Clear responded stating: (i) he waives his right to request the appointment of a panel of Judges; (ii) he waives his right to a hearing on this matter; and (iii) he "does not object to being disbarred for the conduct set forth in his plea agreement" and "stipulates and agrees that this Court enter an order permanently disbarring him from the practice of law in the United States District Court [for] the District of New Mexico."  Response to Order to Show Cause at 1-2, Doc. 9, filed March 14, 2025.

The Court **PERMANENTLY DISBARS** Thomas J. Clear III from practice before the United States District Court for the District of New Mexico, effective from the date of this Order.  *See In re Bello*, 237 Fed.Appx. 363, 366 (10th Cir. 2007) ("The District of New Mexico has 'inherent supervisory power' over the conduct of attorneys appearing in its courtrooms and this power includes the ability 'to control admission to its bar and to discipline attorneys who appear before it.'") (quoting *United States v. Ryans*, 903 F.2d 731, 734 n.4 (10th Cir. 1990) and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citations omitted)).

The Clerk of Court shall provide a copy of this Order to the District and Magistrate Judges of the District of New Mexico.[1]

**IT IS SO ORDERED.**

/s/ KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Court records show that all the cases in the United States District Court for the District of New Mexico in which Mr. Clear is counsel of record are closed except *United States v. Guerrero*, No. 1:15-cr-02231-JB-1.

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.